SCHEURMAN v. FARBMAN.

1. PARTNERSHIP—MAY BUY AND SELL LAND.
   A partnership may buy and sell real estate.

2. SAME—LAND OWNED BY PARTNERSHIP MAY BE CONVEYED BY PARTNERSHIP ONLY—SIGNATURES OF PARTNERS' WIVES NOT NECESSARY.
   Real estate owned by a partnership may be conveyed by the partnership only; the signatures of the partners' wives not being necessary for the conveyance thereof.

3. MECHANICS' LIENS—HUSBAND AND WIFE—PARTNERSHIP.
   Where a husband and wife lost their equitable rights in land by the foreclosure of the contract under which they held, and the wife had no record title, she has no equities affected by the establishment of a mechanic's lien on a building erected thereon by a partnership, of which her husband was a member.

4. SAME—SUBROGATION—NO SUBROGATION EFFECTED WHERE STATUTE NOT COMPLIED WITH.
   The statute (3 Comp. Laws 1915, § 14798) prescribing the method by which a lien claimant is entitled to be subrogated to the rights of vendees in a land contract forfeited or surrendered by them is exclusive, and where not complied with no subrogation is effected.

---

On right of partner or majority of partners to sell partnership real estate, see annotation in L. R. A. 1918A, 927.

Appeal from Wayne; Jayne (Ira W.), J. Submitted January 16, 1929. (Docket No. 129, Calendar No. 34,047.) Decided March 28, 1929.

Bill by Ernest W. Scheurman and another against Sam Farbman, Max Barbour, and others to foreclose a mechanic's lien. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

*John J. Petrik,* for plaintiffs.

*Joseph B. Beckenstein* (*John Sklar,* of counsel), for defendant Barbour.

POTTER, J. Samuel Farbman and wife were owners of an equity, under a land contract, in real estate in Detroit. Farbman sought to acquire, from Acme Lumber Company, building material to erect a building on the premises. He was unable to do so. He entered into a partnership with one Galper. The partnership contract was presented to Acme Lumber Company and materials furnished by it in reliance thereon. The contract recites the parties have agreed to become copartners for the purpose of erecting and constructing a two-family flat; each agrees to contribute one-half the amount required; the parties agree to purchase the piece or parcel of land described therein, being the land in which Farbman and wife had an interest; the partnership is to continue during the period required to construct and complete a two-family flat thereon and until sale of the same. There is no other proof Farbman and wife conveyed their interest to the partnership.

A partnership may buy and sell real estate. It may be conveyed only by the partnership. The signatures of the wives of the partners are not necessary for the conveyance thereof. Section 8, Act

No. 72, Pub. Acts 1917 (Comp. Laws Supp. 1922, § 7966 [8], subd. 3). Section 14796, 3 Comp. Laws 1915, provides:

"Every person who shall, in pursuance of any contract, express or implied, written or unwritten, existing between himself as contractor, and the owner, part owner or lessee of any interest in real estate, build, alter, improve, repair, erect, ornament or put in, or who shall furnish any labor or materials in or for building, altering, improving, repairing, erecting, ornamenting or putting in any house, building, machinery, wharf or structure, or who shall excavate, or build in whole, or in part, any foundation, cellar or basement for any such house, building, structure or wharf, or shall build or repair any sidewalks, or shall furnish any materials therefor, and every person who shall be subcontractor, laborer, or material man, perform any labor or furnish materials to such original or principal contractor, or any subcontractor, in carrying forward or completing any such contract, shall have a lien therefor" etc.

The building was built as the partners contemplated. It enhanced the value of the real estate. The partners defaulted in their contract to purchase the land, if they had such contract. In any event Farbman and wife, who had an equitable interest in the land, lost their interest by foreclosure of the land contract under which they held, and that terminated their rights. They had no record title to the premises at any time.

"Any person furnishing services or materials for the erection of a new building or structure upon land to which the person contracting for such erection has no legal title, shall have a lien therefor upon such [building] buildings or structure; and the forfeiture or surrender of any title or claim of title held by such contracting person to such land shall not defeat the lien upon such building or structure of

such person furnishing services or materials as aforesaid. In case the property covered by the lien is held by the vendee in a land contract, and he surrenders or forfeits his rights thereunder, the person or persons holding such liens may be subrogated to the rights of such vendee, as his rights existed immediately before such surrender or forfeiture, by performing the covenants contained in such contract within thirty days after such forfeiture or surrender is made.'' 3 Comp. Laws 1915, § 14798.

Mrs. Farbman had no record title to the land. If she had any interest, such interest has been terminated. She does not hold or possess any equities to be affected by the establishment of a lien. The lien, if any exists, is against the building only—not the land. She furnished nothing and will lose nothing. Whatever rights she and her husband had they had as vendees under land contract. They surrendered .or forfeited their rights. Whatever rights they had in the partnership with Galper have been terminated. The lien claimant may be subrogated to the rights of the vendee under the land contract, if he performed the covenants in the contract within 30 days after such forfeiture or surrender. 3 Comp. Laws 1915, § 14798.

Notice of forfeiture of the vendee's interest in the land contract was given February 15, 1927. By judgment, still in full force and effect, rendered March 30, 1927, the interest of the Farbmans in the premises was terminated. The Acme Lumber Company tender was made July 6, 1927. Its tender came too late. The statute prescribes a method by which a' lien claimant is entitled to subrogation. That method is exclusive. It was not complied with.

The decree of the trial court is affirmed, with costs.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.